**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- x
:
**HANESBRANDS INC. and HBI BRANDED** :
**APPAREL ENTERPRISES, LLC,** :
:
: **Civil Action No. 08-cv-0545 (VM)**
          **Plaintiffs,** :
:
    **- against -** :
:
**METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a** :
**HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT** :
**DOT FASHION, INC.; HIP HOP SPORTSWEAR** :
**INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL** :
**FASHION); LONDON BOY SPORTSWEAR, LTD.** :
**(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a** :
**OCTANE); OCTANE NYC INC. (d/b/a OCTANE);** :
**FLASH SPORTS, INC.; 104TH ST. FASHION INC.** :
**(d/b/a 104 STREET FASHIONS, d/b/a 104** :
**FASHIONS); F.T.C. FASHION; various JOHN and** :
**JANE DOES, and XYZ COMPANIES** :
**(UNIDENTIFIED),** :
:
          **Defendants.** :
:
--------------------------------------------------------------------- x

## PLAINTIFFS' NOTICE OF MOTION AND MOTION
## FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs

Hanesbrands Inc. ("Hanesbrands") and HBI Branded Apparel Enterprises, LLC ("HBI")

(collectively "Plaintiffs"), hereby move this Court for an order granting Plaintiffs leave to file a

first amended complaint.

In support of this Motion, Plaintiffs state:

1.     Plaintiffs filed their original complaint on January 22, 2007.

2.      Since that time, Plaintiffs have learned that Metro Sports, Inc., a New York corporation named as a defendant in Plaintiffs' original complaint, is not associated with several stores holding themselves out as "Metro Sports" and selling counterfeit goods bearing Plaintiffs' federally registered trademarks.

3.      On or about January 30, 2008, Metro Sports, Inc. was served with the original complaint in this action at the location listed as the "Principal Executive Office" on the New York State, Department of State, Divisions of Corporations web site.

4.      Plaintiffs have communicated with Metro Sports, Inc. and confirmed that Metro Sports, Inc. (a) has not and is not selling counterfeit goods bearing Plaintiff's federally registered trademarks, and (b) is an authorized retailer of Champion® apparel currently in good standing with Plaintiffs.

5.      Plaintiffs amended complaint, attached hereto as Exhibit A, excludes Metro Sports, Inc. as a defendant but names the locations holding themselves out as "Metro Sports" as defendants.

6.      A notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) dismissing Metro Sports, Inc. from this action is being filed herewith.

For all of the foregoing reasons, Plaintiffs respectfully request that their motion for leave to file a first amended complaint be granted and the Clerk be instructed to enter in this matter, Plaintiff's First Amended Complaint, attached hereto as Exhibit A.

Dated: New York, New York
   February 5, 2008

MORGAN & FINNEGAN LLP

By:  /s/ Colin Foley     
Gerald A. Haddad
Joseph Colin Foley
Danielle Tully
Three World Financial Center
New York, New York  10281-2101
Telephone: (212) 415-8700


*Of Counsel:*

WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
Michael E. Ray, *pro hac vice application pending*
Jacob S. Wharton, *pro hac vice application pending*
One West Fourth Street
Winston Salem, North Carolina  27101
Telephone:  (336) 721-3600

*Attorneys for Plaintiffs Hanesbrands Inc. and*
*HBI Branded Apparel Enterprises, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day caused a copy of the foregoing

"Plaintiffs' Notice of Motion and Motion for Leave to File A First Amended Complaint," "First

Amended Complaint" and "Proposed Order" to be served by ECF and First Class Mail upon the

Defendants at the locations set forth below:

Metro Sports, Inc.
3542 Broadway
New York, NY 10031
(Signage = Hot Dot)

Metro Sports, Inc.
565 145th Street
New York, NY 10031
(No Signage)

Metro Sports, Inc.
2946 Third Avenue
Bronx, New York 10455
(Signage = Sportswear)

F.T.C. Fashion
3663 Broadway
New York, NY 10031
(Signage = F.T.C. Fashion)

Michael Fashions, Inc.
2936 Third Avenue
Bronx, NY 10455
(Signage = Michael Fashion)

London Boy Sportswear, Ltd.
2908 Third Avenue
Bronx, NY 10455
(Signage = London Boy)

London Boy Sportswear, Ltd.
1027 Southern Blvd
Bronx, NY 10459

Trandz N.Y. Corp.
560 Melrose Avenue
Bronx, NY 10455
(Signage = Octane)

Octane N.Y. Corp.
560 Melrose Avenue
Bronx, NY 10455
(Signage = Octane)

Flash Sports, Inc.
16 West 125th Street
New York, NY 10027
(Signage = Flash Sports)

104th Street Fashion Inc.
1887 Third Avenue
New York, NY 10029

Dated: February 5, 2008                    /S/ Colin Foley_____
                                           Colin Foley

**EXHIBIT A TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- x
                                                       :
                                                       :
HANESBRANDS INC. and HBI BRANDED                       :
APPAREL ENTERPRISES, LLC,                              :
                                                       :   Civil Action No. 08-cv-0545 (VM)
                                                       :
                         Plaintiffs,                   :
                                                       :
            - against -                                :   First Amended Complaint
                                                       :
METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a             :   Jury Trial Demanded
HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT              :
DOT FASHION, INC.; HIP HOP SPORTSWEAR               :
INC.;  MICHAEL  FASHIONS  INC.  (d/b/a              :
MICHAEL    FASHION);    LONDON    BOY               :
SPORTSWEAR, LTD. (d/b/a LONDON BOY);                :
TRANDZ N.Y., CORP. (d/b/a OCTANE); OCTANE           :
NYC INC. (d/b/a OCTANE); FLASH SPORTS,             :
INC.; 104TH ST. FASHION INC. (d/b/a 104            :
STREET FASHIONS, d/b/a 104 FASHIONS); F.T.C.       :
FASHION; various JOHN and JANE DOES, and           :
XYZ COMPANIES (UNIDENTIFIED),                        :
                                                       :
                         Defendants.                   :
                                                       :
------------------------------------------------------------------- x
```

## FIRST AMENDED COMPLAINT

Plaintiffs Hanesbrands Inc. and HBI Branded Apparel Enterprises, LLC, state the

following for their First Amended Complaint against Defendants.

<u>SUBSTANCE OF THE ACTION</u>

1.    All of the claims asserted herein arise out of and are based on Defendants'

unlawful promotion, distribution, and sale of counterfeit sweatshirts that use the Champion®

trademarks and logos (hereinafter "CHAMPION Marks") and the Super Hood® trademark

(hereinafter "SUPER HOOD Mark").    Plaintiffs allege claims for federal trademark counterfeiting and infringement under Sections 32 and 34 of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114, 1116; unfair competition, false designation of origin, and false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution and tarnishment of HBI's trademarks under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c);  trademark infringement and unfair competition under New York General Business Law § 360-o and common law; dilution and injury to business reputation under New York General Business Law 360-*l*; deceptive acts and practices pursuant to New York General Business Law §§ 349 and 350 and common law; and common law unjust enrichment.  Plaintiffs seek an order pursuant to Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d), authorizing *ex parte* seizure of the counterfeit and infringing goods and Defendants' business records identifying Defendants' sources and customers.   In addition, Plaintiffs seek a temporary restraining order and preliminary, as well as permanent injunctive relief, to prevent the sale, shipment, and further distribution of the counterfeit and infringing goods, as well as an accounting of profits, and treble damages or statutory damages of up to $1,000,000 per counterfeit mark per type of goods sold or distributed as authorized by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), as well as recovery of attorneys' fees and other relief authorized by the Lanham Act and applicable state law.

JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b).   Supplemental jurisdiction exists over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants do business in the State of New York and in this judicial district, have committed the tortious acts described herein in the State of New York and in this judicial district, or have otherwise established contacts with the State of New York and this judicial district sufficient to make the exercise of personal jurisdiction proper.

4.      Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this district and, upon information and belief, Defendants either reside or may be found here.

<u>THE PARTIES</u>

5.      Plaintiff Hanesbrands Inc. ("Hanesbrands") is a Maryland corporation with a place of business at 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105.

6.      Plaintiff HBI Branded Apparel Enterprises, LLC ("HBI") is a Delaware limited liability company with a place of business at 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105.  HBI is the owner of the federally-registered CHAMPION Marks and the federally-registered SUPER HOOD Mark.

7.      HBI is a wholly-owned subsidiary of Hanesbrands.  In addition to being the parent company of HBI, Hanesbrands is a non-exclusive licensee, in the United States, of the trademarks owned by HBI, that are identified below.  (For convenience, and unless the context indicates otherwise, the above-named Plaintiffs, together with any relevant corporate subsidiaries, affiliates, and related companies, as well as the predecessors-in-interest to the trademarks that are the subject of this action, will hereinafter be referred to collectively as "Plaintiffs" and shall refer to either HBI, Hanesbrands, or both depending on the context.)

8.      Upon information and belief, Defendant Metro Sports ("Metro Sports") maintains places of business at 565 West 145th Street, Manhattan, New York 10031; 2946 Third Avenue, Bronx, New York 10455; 3542 Broadway, Manhattan, New York 10031; and 118 West 125th Street, Manhattan, New York, 10027.  Upon information and belief, Metro Sports is related to or doing business as Players Sports and Hot Dot Sportswear at 3542 Broadway, Manhattan, New York 10031; and Hip Hop Sportswear at 118 West 125th Street, Manhattan, New York 10027 and 2946 Third Avenue, Bronx, New York 10455.

9.      Upon information and belief, Defendant Hot Dot Fashion, Inc. is a New York corporation with a place of business at 3542 Broadway, Manhattan, New York 10031.

10.      Upon information and belief, Defendant Hip Hop Sportswear, Inc. is a  New York corporation, with a place of business at 565 West 145th Street, Manhattan, New York 10031.

11.      Upon information and belief, Defendant Michael Fashions Inc. d/b/a as Michael Fashion is a New York corporation with a place of business at 2936 Third Avenue, Bronx, New York 10455.

12.      Upon information and belief, Defendant London Boy Sportswear, Ltd. d/b/a London Boy is a New York corporation with a place of business at 2908 Third Avenue, Bronx, New York 10455.

13.      Upon information and belief, Defendant Trandz N.Y., Corp. is a New York corporation with a place of business at 560 Melrose Avenue, Bronx, New York 10455.

14.      Upon information and belief, Defendant Octane NYC Inc. is a New York corporation with a place of business at 560 Melrose Avenue, Bronx, New York 10455.

15.      Upon information and belief, Defendant Flash Sports, Inc. is a New York corporation with a place of business at 16 West 125th Street, Manhattan, New York 10027.

16.    Upon information and belief, Defendant 104th St. Fashion, Inc. d/b/a 104 Street Fashions, d/b/a 104 Fashions maintains a place a business at 1887 Third Avenue, Manhattan, New York 10029.

17.    Upon information and belief, Defendant F.T.C. Fashion ("FTC") maintains a place of business at 3663 Broadway, Manhattan, New York 10031.

18.    Upon information and belief, various John and Jane Does as well as unidentified business entities, the identities of which will be determined through discovery, conduct business and traffic in counterfeit goods bearing Plaintiffs' federally-registered trademarks.

## FACTS COMMON TO ALL CLAIMS

A.    Plaintiffs' Trademarks

19.    Plaintiffs, their affiliated companies, predecessors-in-interest, authorized licensees and authorized subcontractors, are engaged in the design, manufacture, marketing, advertising, distribution, and sale in interstate commerce of apparel, including sweatshirts.

20.    Beginning at least as early as 1918 the predecessors-in-interest to Plaintiffs adopted and began using various trademarks incorporating the CHAMPION trademark.  Since that time, Plaintiffs or their predecessors-in-interest have continuously used trademarks incorporating the CHAMPION trademark both standing alone or in connection with the distinctive "C" logo (see below) in interstate commerce in the United States for the purpose of identifying Plaintiffs' apparel products and for distinguishing goods from the goods of others. For ease of reference, these trademarks are referred to collectively herein as the "CHAMPION Marks" (which excludes the SUPER HOOD Mark).  The CHAMPION Marks have been used in connection with sweatshirts at least as early as the mid-1960's.

21.    Beginning at least as early as August 2002, Plaintiffs adopted and began using the SUPER HOOD Mark.  Since that time, Plaintiffs have continuously used the SUPER HOOD Mark in interstate commerce for the purpose of identifying Plaintiffs' apparel products and for distinguishing goods from the goods of others.  (For convenience, the CHAMPION Marks and SUPER HOOD Mark are referred to herein as the "CHAMPION and SUPER HOOD Marks.")

22.    In connection with its use of the CHAMPION Marks, HBI owns numerous federal trademark registrations and all of the goodwill associated therewith in connection with a wide array of goods and services, including, *inter alia*, sweatshirts.

23.    In addition, HBI owns a federal trademark registration for the SUPER HOOD Mark and all of the good will associated therewith in connection with a sweatshirts, sweatpants, and jackets.

24.    The registrations pertinent to this action, along with the initial registration for CHAMPION, are as follows:

| MARK | REGISRATION NO. | GOODS |
|------|-----------------|-------|
| **CHAMPION** | 274,178 (registered Aug. 29, 1930) | Hosiery |
|  | 1,127,251 (registered Dec. 4, 1979) | Laundry bags, also suitable for use as sundry bags; pennants and banners; Men's and Boys' Football Uniforms, Athletic Shorts, Men's Neckties, Men's Scarves, Football Jerseys, Jackets, Sweat Pants, **Sweat Shirts**, Warm Up Shirts, Warm Up Pants, Sweat Suits, T-Shirts, One Piece and Two-Piece Physical Education Uniforms, Pullovers, Tank Tops, Polo Shirts, Hats, Caps, Baby Bibs, Baseball Shirts; and Heat |

| | | Transfer Appliques to be applied to clothing |
|---|---|---|
| *Champion* | 1,323,337 (registered Mar. 5, 1985) | Athletic and Physical Education Uniforms – Namely T-Shirts, Knit Sport Shirts, Athletic Shorts, **Sweat Shirts**, Sweat Pants, Warm-Up Suits, Jackets and Sweaters |
| *Champion* | 1,915,092 (registered Aug. 29, 1995) | Clothing, namely hooded and unhooded jerseys, bathrobes, sleepwear, cover-ups, bras, parkas, aerobic wear, namely tops and bottoms, swimwear, pants, shorts, athletic uniforms, physical education uniforms, T-shirts, knit sports shirts, athletic shorts, **sweatshirts**, sweatpants, warm-up suits, jackets, sweaters, vests, wind-resistant clothing, namely tops and bottoms, replica, athletic jerseys, singlets, tights, belts, headbands, wristbands, underwear, and undershirts |
| **CHAMPION** | 2,319,994 (registered Feb. 22, 2000) | Physical education uniforms, athletic uniforms, **sweatshirts**, sweatpants, sweaters, T-shirts, socks, shorts, pants, jerseys, bathrobes, sleepwear, cover-ups, bras, parkas, tops and bottoms for use in aerobics, shirts, warm-up suits, jackets, vests, wind resistant pants and jackets, replica athletic jerseys, singlets, tights, belts, headbands, wristbands, underwear, hats, caps, and tank tops |
| **SUPER HOOD** | 3,140,617 (registered Sep. 5, 2006 on the Supplemental Register) | **Sweatshirts**, sweatpants, jackets |

25.    Copies of the Registration Certificates for the above-listed federal registrations are attached hereto as Exhibits A-F.  These registrations are all valid, subsisting, uncancelled, unrevoked, and in full force and effect.   Registration Numbers 1,323,337; 1,915,092 and 2,319,994 are incontestable pursuant to 15 U.S.C. § 1065.

26.    The registration of the CHAMPION Marks constitutes *prima facie* evidence of their validity and conclusive evidence of Plaintiffs' exclusive rights to use the CHAMPION Marks in commerce in connection with the goods named therein, and commercially related goods.  The registration of the CHAMPION Marks also constitutes constructive notice to the Defendants of Plaintiffs' ownership and exclusive rights in the CHAMPION Marks.

27.    As noted above, sweatshirts are among the goods for which HBI has registered and licensed the CHAMPION and "C" logo trademarks and the SUPER HOOD Mark.

28.    Hanesbrands' products bearing the CHAMPION and SUPER HOOD Marks are sold throughout the United States in a wide variety of retail stores.

29.    In accordance with 15 U.S.C. § 1111, the CHAMPION and SUPER HOOD Marks are, and have been, displayed on Hanesbrands' products, or on the packaging, marketing, or advertising materials, for such products, and are and were accompanied by the notation "®" to provide notice that the CHAMPION and SUPER HOOD Marks are federally registered.

30.    Plaintiffs maintain strict quality control standards for all products manufactured under the CHAMPION and SUPER HOOD Marks.

31.    Hanesbrands has extensively advertised and promoted sweatshirts sold under the CHAMPION and SUPER HOOD Marks throughout the United States by means of various

media, including, without limitation, television, the Internet, newspapers, magazines, and direct mail.

32.    As a consequence of Hanesbrands' long and continuous use of the CHAMPION Marks throughout the United States and worldwide, and due to the significant investment of time, money, and efforts, widespread sales, and the high quality of Hanesbrands' products sold in connection with the CHAMPION and SUPER HOOD Marks, the CHAMPION and SUPER HOOD Marks have acquired enormous value and have become extremely well-known to the consuming public and trade as identifying and distinguishing the source of Plaintiffs' products exclusively and uniquely.

33.    Because of the great public acceptance of Plaintiffs' CHAMPION products, the CHAMPION Marks and trade name have come to represent an enormous goodwill and are famous not only in the United States but throughout the world, thereby entitling the CHAMPION Marks to the greater protection afforded marks of such international distinction under both the laws of the United States and international treaties, such as the Paris Convention and the Trade-Related Aspects of Intellectual Property Rights Agreement (the "TRIPS Agreement"), both of which were entered into by the United States.

B.    Defendants' Unlawful Conduct

34.    Upon information and belief, Defendants traffic in counterfeit apparel bearing counterfeits of Plaintiffs' CHAMPION and SUPER Hood Marks, including, without limitation, sweatshirts (the "Counterfeit Products").

35.    Upon information and belief, Defendants, without authorization or license from Plaintiffs, have knowingly and willfully used, reproduced, or copied Plaintiffs' CHAMPION and SUPER HOOD Marks in connection with their manufacturing, distributing, exporting,

importing, shipping, advertising, offering for sale, selling, and facilitating the sale of Counterfeit Products in interstate, intrastate, and international commerce, that are counterfeit and infringing copies of Plaintiffs' products.

36.    For purposes of comparison, photographs of a Counterfeit Product and an authentic SUPER HOOD® sweatshirt is produced below:[1]

 

37.    Upon information and belief, Defendants have manufactured the Counterfeit Products without authorization from Plaintiffs, or purchased the Counterfeit Products from a source or sources that are not authorized or licensed by Plaintiffs to manufacture, offer for sale, or sell the products bearing the CHAMPION or SUPER HOOD Marks.

---

[1] To ease the Court's examination, examples of a counterfeit product and an authentic sweatshirt accompany the Affidavit of Richard Heller as Exhibits D (counterfeit) and E (authentic) submitted in support of Plaintiffs' Motion for a Temporary Restraining Order, Seizure Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue, filed herewith.

38.     The Counterfeit Products are not genuine Plaintiffs' products.  Plaintiffs did not manufacture, inspect, or package the Counterfeit Products, and did not approve the Counterfeit Products for sale or distribution.

39.     Defendants are not authorized by Plaintiffs to manufacture, advertise, distribute, export, import, ship, sell, offer to sell, or facilitate the sale of any products bearing Plaintiffs' CHAMPION or SUPER HOOD Marks that are not authentic products.

40.     Defendants' aforesaid use of Plaintiffs' CHAMPION and SUPER HOOD Marks in connection with the advertising, marketing, distribution, import, export, shipping, offering for sale, sale, and facilitation of the sale of Counterfeit Products have already caused, and in the future are likely to cause, confusion among potential customers who will be deceived into believing that Defendants' Counterfeit Products are authentic products, thus harming the consuming public and irreparably harming Plaintiffs' valuable reputation and goodwill.

41.     Defendants' aforesaid conduct is occurring, among other places, in New York City, in the State of New York, and within this judicial district.

42.     The aforesaid conduct is causing Plaintiffs irreparable harm, for which there is no adequate remedy at law.

## COUNT I

## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. §§ 1114, 1116)

43.     Plaintiffs repeat and reallege Paragraphs 1 through 42 as if fully set forth herein.

44.     Without authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the CHAMPION and SUPER HOOD Marks, Defendants have manufactured, shipped, offered for sale, sold, or facilitated the sale of Counterfeit Products bearing marks that are reproductions, counterfeits, copies, or colorable imitations of Plaintiffs'

CHAMPION and SUPER HOOD Marks to the consuming public in direct competition with the sale of Plaintiffs' authentic products, in or affecting interstate commerce, in violation of Sections 32 and 34 of the Lanham Act, 15 U.S.C. §§ 1114, 1116.

45.    Defendants' use of reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' CHAMPION and SUPER HOOD Marks is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' goods and cause the consuming public to believe that Defendants' goods have been manufactured or approved by Plaintiffs or that Defendants are legitimately connected with Plaintiffs or authorized by Plaintiffs to use the CHAMPION or SUPER HOOD Marks.

46.    Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, their goodwill and reputation, and will continue to damage Plaintiffs and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

47.    In addition to injunctive relief, Plaintiffs are entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial.  Any such damages and awards should be trebled pursuant to 15 U.S.C. § 1117(b).  Plaintiffs reserve the right to seek statutory damages pursuant to 15 U.S.C § 1117(c).

48.    Plaintiffs are further entitled to an Order directing that all items in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered marks be delivered up to Plaintiffs and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a)

49.     Plaintiffs repeat and reallege Paragraphs 1 through 48 as if fully set forth herein.

50.     Defendants' unauthorized use of reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' CHAMPION and SUPER HOOD Marks is likely to cause confusion, to cause mistake, or to deceive the consuming public and the trade as to the origin, sponsorship, or approval of Defendants' products.    As a result of Defendants' unauthorized uses of reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' CHAMPION and SUPER HOOD Marks in connection with Counterfeit Products, the consuming public and trade is likely to believe that Defendants' goods have been manufactured or approved by Plaintiffs, and such use falsely represents Defendants as being legitimately affiliated, connected, or associated with or authorized by Plaintiffs and places Plaintiffs' valuable and hard-earned reputation and goodwill in the hands of the Defendants in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, their goodwill and reputation, and will continue to damage Plaintiffs and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

52.     In addition to injunctive relief, Plaintiffs are entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial.  Any such damages and awards should be trebled pursuant to 15 U.S.C. § 1117(b).  Plaintiffs' reserve the right to seek statutory damages pursuant to 15 U.S.C § 1117(c).

53.     Plaintiffs are further entitled to an Order directing that all items in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered marks be delivered up to Plaintiffs and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT III

## FEDERAL TRADEMARK DILUTION
### (15 U.S.C. 1125(c))

54.     Plaintiffs repeat and reallege Paragraphs 1 through 53 as if fully set forth herein.

55.     Plaintiffs' CHAMPION Marks are "famous" pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have been famous marks prior to Defendants' conduct as alleged herein.

56.     The CHAMPION Marks have acquired secondary meaning in the minds of the consuming public and trade who recognizes the CHAMPION Marks as identifying the quality and value of Plaintiffs' products, identifying CHAMPION branded products as coming from a single source and distinguishing Plaintiffs' products from products manufactured, marketed, or distributed by other sources.  As such, the CHAMPION Marks have developed a valuable reputation in the minds of the consuming public and trade.

57.     Defendants' manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales in commerce of the Counterfeit Products has diluted and continues to dilute the distinctive quality of the CHAMPION Marks, and was done with the willful intent to trade on Plaintiffs' reputation and goodwill.

58.     Upon information and belief, Defendants' unauthorized use of the CHAMPION Marks on or in connection with the Counterfeit Products was done with full notice and

knowledge that such manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales were not authorized or licensed by Plaintiffs.

59.    Defendants' conduct constitutes a knowing and willful violation of Plaintiffs' rights under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

60.    Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, their goodwill and reputation, and will continue to damage Plaintiffs and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

61.    In addition to injunctive relief, Plaintiffs are entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial.  Any such damages and awards should be trebled pursuant to 15 U.S.C. § 1117(b).  Plaintiffs' reserve the right to seek statutory damages pursuant to 15 U.S.C § 1117(c).

62.    Plaintiffs are further entitled to an Order directing that all items in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered marks be delivered up to Plaintiffs and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT IV

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION PURSUANT TO N.Y. GEN. BUS. LAW § 360-o AND COMMON LAW

63.    Plaintiffs repeat and reallege Paragraphs 1 through 62 as if fully set forth herein.

64.    Defendants' manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales in commerce of the Counterfeit Products are, and unless enjoined, will continue to constitute trademark infringement and unfair competition in

violation of the common law of the State of New York, N.Y. Gen. Bus. Law § 360-o, and similar statutory and common laws of other states.

65.    Upon information and belief, Defendants' unauthorized use of the CHAMPION and SUPER HOOD Marks on or in connection with the Counterfeit Products was done with full notice and knowledge that such manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales were not authorized or licensed by Plaintiffs.

66.    Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damages as a result of Defendants' conduct in an amount to be determined at trial.

## COUNT V

## DILUTION AND INJURY TO BUSINESS REPUTATION PURSUANT TO N.Y. GEN. BUS. LAW § 360-*l*

67.    Plaintiffs repeat and reallege Paragraphs 1 through 66 as if fully set forth herein.

68.    Defendants' manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales in commerce of the Counterfeit Products have, and unless enjoined, will continue to injure or are likely to injure Plaintiffs' business reputation and dilute the distinctive quality of the CHAMPION Marks in violation of N.Y. Gen. Bus. Law § 360-*l*.

69.    Upon information and belief, Defendants' unauthorized use of the CHAMPION and SUPER HOOD Marks on or in connection with the Counterfeit Products was done with full notice and knowledge that such manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales were not authorized or licensed by Plaintiffs.

70.     Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damages as a result of Defendants' conduct in an amount to be determined at trial.

## COUNT VI

## DECEPTIVE ACTS AND PRACTICES PURSUANT TO N.Y. GEN. BUS. LAW §§ 349 AND 350 AND COMMON LAW

71.     Plaintiffs repeat and reallege Paragraphs 1 through 70 as if fully set forth herein.

72.     Defendants' manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales in commerce of the Counterfeit Products are, and unless enjoined, will continue to constitute deceptive acts and practices in violation of the common law of the State of New York, N.Y. Gen. Bus. Law §§ 349 and 350, and similar statutory or common laws of other states.

73.     Upon information and belief, Defendants' unauthorized use of the CHAMPION and SUPER HOOD Marks on or in connection with the Counterfeit Products was done with full notice and knowledge that such manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and facilitation of sales were not authorized or licensed by Plaintiffs.

74.     Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damages as a result of Defendants' conduct in an amount to be determined at trial.

## COUNT VII

## COMMON LAW UNJUST ENRICHMENT

75.     Plaintiffs repeat and reallege Paragraphs 1 through 74 as if fully set forth herein.

76.     Defendants have been and will continue to be unjustly enriched as a result of their unauthorized use of the CHAMPION and SUPER HOOD Marks.

77.    By the acts described above, Defendants have retained revenues which they were not equitably or legally entitled, and were thereby unjustly enriched at Plaintiffs' expense in violation of the common law of the State of New York.

78.    As a result of the foregoing, Plaintiffs have suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs request the following relief:

1.    For judgment that:

a.    Defendants have engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

b.    Defendants have used counterfeit marks in violation of Section 34 of the Lanham Act, 15 U.S.C. § 1116;

c.    Defendants have engaged in unfair competition, false designation of origin, and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

d.    Defendants have engaged in trademark infringement dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

e.    Defendants have engaged in trademark infringement and unfair competition in violation of the common law of the State of New York and N.Y. Gen. Bus. Law § 360-o;

f.    Defendants have diluted and injured Plaintiffs' business reputation in violation of N.Y. Gen. Bus. Law § 360-*l*;

g.      Defendants have engaged in deceptive acts and practices in violation of the common law of the State of New York and N.Y. Gen. Bus. Law §§ 349 and 350;

h.      Defendants have been unjustly enriched; and

i.      Defendants acts of infringement, counterfeiting, dilution, unfair competition was willful.

2.      That a temporary restraining order and preliminary and permanent injunctions be issued enjoining Defendants, any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns, and all persons in concert or participations with any of them, and any entity owned or controlled by any of the Defendants, who receives actual notice of the order by personal service or otherwise, from:

a.      using any of Plaintiffs' CHAMPION and SUPER HOOD Marks, including, but not limited those identified above, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' trademarks or trade names in connection with any goods or services or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any goods;

b.      processing, packaging, importing, or transporting any product that is not a genuine product of Plaintiff bearing any of Plaintiffs' trademarks or trade names or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' trademarks or trade names;

    c.      using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act which can, or is likely to, lead members of the consuming public or trade to believe that Defendants are associated with Plaintiffs or that any product imported, manufactured, distributed, or sold by the Defendants is in any manner associated or connected with Plaintiffs, or is authorized, licensed, sponsored, or otherwise approved by Plaintiffs;

    d.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (c) above, or any other activity that consists of or contributes to the sale of counterfeit or infringing products bearing any of Plaintiffs' trademarks or trade names, including but not limited to, the CHAMPION and SUPER HOOD Marks.

3.      That an order be issued pursuant to 15 U.S.C. § 1116(d) for Federal or other law enforcement officers to seize the counterfeit products as described herein from the locations set forth in the memorandum and affidavits submitted herewith, as supplemented from time-to-time, along with a protective order pursuant to 15 U.S.C. § 1116(d)(7), and that the counterfeit products be taken into the custody of Plaintiffs, as agents of the Court, until such later order directing their destruction.

4.      That the Defendants, at their own expense, recall any and all products that bear any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' trademarks or trade names from any distributors, retailers, vendors, or others to

whom the Defendants have distributed or sold such products, and that such recall notices and other actions be taken within five (5) days after service of judgment with notice of entry thereof.

5.      That Defendants deliver up to Plaintiffs' attorney for destruction, within five (5) days after service of judgment with notice of entry thereof, all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in their possession or under their control or (b) recalled by the Defendants pursuant to any order of the Court or otherwise, incorporating any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' trademarks or trade names, and all plates, molds, matrices, and other means of making the same, and that Plaintiff be permitted to destroy all such goods without compensation to any of the Defendants.

6.      That Defendants preserve all records (including electronically stored information) and other documents concerning all transactions relating to their acquisition, import, purchase, or sale of any goods bearing or including any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' trademarks or trade names, and that all such materials be made available to Plaintiffs for review, inspection, and copying on Plaintiffs' request.

7.      That Defendants provide Plaintiffs with the names, addresses, and all other contact information in their possession (e.g., telephone numbers, fax numbers) for the source of all products that bear or include any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' trademarks or trade names, including all manufactures, distributors, or suppliers.

8.      That Defendants provide Plaintiffs with the names, addresses, and all other contact information in their possession (e.g., telephone numbers, fax numbers) for the customers

who purchased all products that bear or include any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' trademarks or trade names, including all manufactures, distributors, or suppliers.

9.      That Defendants shall file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after service of judgment with notice of entry thereof upon them a report in writing under oath, setting forth in detail the manner and form in which they have complied with the all of the above.

10.     That each Defendant account for and pay over to Plaintiffs three times the profits realized by each Defendant from its infringement and dilution of Plaintiffs' trademarks and trade names and from its unfair competition with Plaintiffs.

11.     That Plaintiffs be awarded their actual damages, trebled pursuant to 15 U.S.C. §§ 1117(a) & (b) and N.Y. Gen. Bus. Law § 349-h, or, if Plaintiffs elect, statutory damages as the Court considers just, up $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendants' acts of willful trademark infringement and counterfeiting.

12.     That Plaintiffs be awarded interest, including pre-judgment interest, on the foregoing sums in accordance with 28 U.S.C. § 1961.

13.     That Plaintiffs be awarded their costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C.§ 1117(a), N.Y. Gen. Bus. Law § 349-h, and other applicable laws.

14.     That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York                    MORGAN & FINNEGAN LLP
       February 5, 2008

                                     By:  /S/ Colin Foley                  
                                     Gerald A. Haddad
                                     Joseph Colin Foley
                                     Danielle Tully
                                     Three World Financial Center
                                     New York, New York  10281-2101
                                     Telephone: (212) 415-8700

*Of Counsel:*

WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
Michael E. Ray, *pro hac vice application pending*
Jacob S. Wharton, *pro hac vice application pending*
One West Fourth Street
Winston Salem, North Carolina  27101
Telephone:  (336) 721-3600

                                     *Attorneys for Plaintiffs Hanesbrands Inc. and*
                                     *HBI Branded Apparel Enterprises, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day caused a copy of the foregoing First Amended Complaint to be served by ECF and First Class Mail upon the Defendants at the locations set forth below:

Metro Sports, Inc.
3542 Broadway
New York, NY 10031
(Signage = Hot Dot)

Metro Sports, Inc.
565 145th Street
New York, NY 10031
(No Signage)

Metro Sports, Inc.
2946 Third Avenue
Bronx, New York 10455
(Signage = Sportswear)

F.T.C. Fashion
3663 Broadway
New York, NY 10031
(Signage = F.T.C. Fashion)

Michael Fashions, Inc.
2936 Third Avenue
Bronx, NY 10455
(Signage = Michael Fashion)

London Boy Sportswear, Ltd.
2908 Third Avenue
Bronx, NY 10455
(Signage = London Boy)

London Boy Sportswear, Ltd.
1027 Southern Blvd
Bronx, NY 10459

Trandz N.Y. Corp.
560 Melrose Avenue
Bronx, NY 10455
(Signage = Octane)

Octane N.Y. Corp.
560 Melrose Avenue
Bronx, NY 10455
(Signage = Octane)

Flash Sports, Inc.
16 West 125th Street
New York, NY 10027
(Signage = Flash Sports)

104th Street Fashion Inc.
1887 Third Avenue
New York, NY 10029

Dated: February 5, 2008                    /S/ Colin Foley_____
                                           Colin Foley

2