UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                                    :

HANESBRANDS INC. and HBI BRANDED    :
APPAREL ENTERPRISES, LLC,             :
                                      :

                                      :  Civil Action No. 08-cv-0545 (VM)
                    Plaintiffs,     :

                                      :

          - against -            :

                                      :

METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a   :
HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT   :
DOT FASHION, INC.; HIP HOP SPORTSWEAR   :
INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL  :
FASHION); LONDON BOY SPORTSWEAR, LTD.   :
(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a :
OCTANE); OCTANE NYC INC. (d/b/a OCTANE);   :
FLASH SPORTS, INC.; 104TH ST. FASHION INC.  :
(d/b/a 104 STREET FASHIONS, d/b/a 104       :
FASHIONS); F.T.C. FASHION; various JOHN and  :
JANE DOES, and XYZ COMPANIES         :
(UNIDENTIFIED),                      :

                                      :

                  Defendants.     :

                                      :
---------------------------------------------------------------------- x

## PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Lanham Act, 15

U.S.C. §§ 1114, 1116(d), and 1125, Plaintiffs Hanesbrands Inc. ("Hanesbrands") and HBI

Branded Apparel Enterprises, LLC ("HBI") (collectively "Plaintiffs"), hereby move this Court

for a temporary restraining order to enjoin Defendants' unauthorized production, distribution,

and sale of products bearing marks identical or substantially identical to trademarks and trade

names owned by Plaintiffs (the "Counterfeit Products"); an order directing the United States

Marshall, his deputies, or any Federal, state, or local law enforcement agency or persons empowered by this Court to seize Counterfeit Products, and the records and other materials relating to the manufacturing, distributing, exporting, importing, shipping, advertising, offering for sale, and sale thereof, from locations within this judicial district where Counterfeit Products are located; and an order to show cause why a preliminary injunction should not issue.

In support of this Motion, Plaintiffs submit herewith a Complaint, a Memorandum of Law, the affidavits of Richard Heller, Manuel Martinez, Allen Ortiz, Ruandy Melo, and Jacob S. Wharton, and Proposed Orders, and state:

1.      As more fully set forth in Plaintiffs' Complaint and Memorandum, Plaintiffs, directly or through authorized agents, manufacture, advertise, and sell Champion® brand apparel using the world famous CHAMPION trademark and "C" logo.  In particular, Plaintiffs are responsible for the Super Hood® sweatshirts that make up part of the Champion® line of apparel.

2.      It has come to Plaintiffs' attention that Defendants are selling counterfeit goods bearing trademarks identical to federally registered marks owned by Plaintiffs.  Defendants' products are not sponsored by or affiliated with Plaintiffs in any way.  The products sold by Defendants' are entirely unauthorized, are of inferior quality, and are meant to confuse the consuming public and trade.

3.      The accompanying Proposed Orders are authorized by the Lanham Act, 15 U.S.C. §§ 1116(a), 1116(d), and the All Writs Acts, 28 U.S.C. § 1651.

4.      There is a strong probability that Plaintiffs will prevail on the merits of their claims for trademark infringement, trademark counterfeiting, and false designation of origin. Defendants' actions have and will cause confusion by misleading the consuming public and trade

into believing that Counterfeit Products are manufactured, sponsored, endorsed, or approved by Plaintiffs.

5.    The threat of irreparable harm to Plaintiffs and the consuming public and trade is significant. Plaintiffs will suffer immediate and irreparable injury if the Counterfeit Products and related records are not seized because: (a) Plaintiffs will lose sales of authentic goods, which sales cannot be recovered; (b) Plaintiffs will have no remedy at law against Defendants because Plaintiffs will have no way of learning all of the Defendants' identities who are participating in counterfeiting activities or the volume of Defendants' sales of Counterfeit Products; (c) Defendants' Counterfeit Products are of inferior quality to Plaintiffs' authentic goods and therefore Plaintiffs will suffer injury to their reputations due to the sale of the Counterfeit Products; and (d) Plaintiffs have lost and will continue to lose the ability to control their reputations embodied by and associated with their trademarks. Issuance of the requested temporary restraining order, seizure order, and order to show cause why a preliminary injunction should not issue is in the public interest and protects the consuming public and trade against confusion, deception, and mistake.

6.    The harm to Plaintiffs if this motion is denied outweighs the harm to any legitimate interest of Defendants. Defendants have no right to sell Counterfeit Products. If this motion is denied, Plaintiffs will be harmed as described above. Plaintiffs are prepared to post a bond, if required, to provide a security interest to protect Defendants' interests as may be required under 15 U.S.C. § 1116(d)(4)(A).

7.    A temporary restraining and seizure order is necessary to achieve the purposes of 15 U.S.C. §§ 1114 and 1125(c) and to protect Plaintiffs from immediate irreparable injury.

8.    Plaintiffs have not publicized the requested seizure as is prohibited under 15 U.S.C. § 1116(d)(4)(B)(ii).

9.    Plaintiffs have complied with all statutory requirements necessary for the issuance of a temporary restraining order under 15 U.S.C. § 1116(a), and, further, a seizure order under 15 U.S.C. § 1116(d), to wit:  (a) Plaintiffs have provided prior written notice of this Application to the United States Attorney for the judicial district as required by 15 U.S.C. § 1116(d)(2); (b) this motion and accompanying Proposed Orders contain the information required by 15 U.S.C. § 1116(d)(3) and (5); (c) Plaintiffs are willing to post a security determined adequate by the Court in case of wrongful seizures as required by 15 U.S.C. § 1116(d)(4)(A); (d) Plaintiffs have provided the specific facts in this motion, the supporting memorandum and accompanying affidavits, and the Complaint as required by 15 U.S.C. § 1116(d)(4)(B); and (e) Plaintiffs request a protective order in manner set forth in the accompanying Proposed Orders as required by 15 U.S.C. § 1116(d)(7).

For all of the foregoing reasons, Plaintiffs respectfully request that their motion for a temporary restraining order, seizure order, and order to show cause why a preliminary injunction should not issue be granted in all respects and the Court provide such other relief that is necessary and proper.

Dated: New York, New York
       February 5, 2008

MORGAN & FINNEGAN LLP

By:   /s/ Colin Foley          
Gerald A. Haddad
Joseph Colin Foley
Danielle Tully
Three World Financial Center
New York, New York  10281-2101
Telephone: (212) 415-8700

*Of Counsel:*

WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
Michael E. Ray, *pro hac vice application pending*
Jacob S. Wharton, *pro hac vice application pending*
One West Fourth Street
Winston Salem, North Carolina  27101
Telephone:  (336) 721-3600

*Attorneys for Plaintiffs Hanesbrands Inc. and
HBI Branded Apparel Enterprises, Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                     :

HANESBRANDS INC. and HBI BRANDED   :
APPAREL ENTERPRISES, LLC,        :  Civil Action No. 08-cv-0545 (VM)
                     :
                     :
              Plaintiffs,   :
                     :
     - against -            :
                     :
METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a  :
HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT  :
DOT FASHION, INC.; HIP HOP SPORTSWEAR  :
INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL  :
FASHION); LONDON BOY SPORTSWEAR, LTD.  :
(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a  :
OCTANE); OCTANE NYC INC. (d/b/a OCTANE);  :
FLASH SPORTS, INC.; 104TH ST. FASHION INC.  :
(d/b/a 104 STREET FASHIONS, d/b/a 104  :
FASHIONS); F.T.C. FASHION; various JOHN and  :
JANE DOES, and XYZ COMPANIES  :
(UNIDENTIFIED),  :
                     :
             Defendants.   :
                     :
---------------------------------------------------------------------- x

## [PROPOSED] ORDER TO SHOW CASUSE FOR A TEMPORARY RESTRAINING ORDER

This matter having come before the Court on the application of Hanesbrands Inc. ("Hanesbrands") and HBI Branded Apparel Enterprises, LLC ("HBI") (collectively "Plaintiffs"), by their attorneys for a Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure; and

The Court having considered the facts set forth in the Complaint; the affidavits of Richard Heller, Manuel Martinez, Allen Ortiz, Ruandy Melo, and Jacob S. Wharton, and their

attached exhibits; and the memorandum of law submitted in support of Plaintiffs' application; and all other evidence submitted; and

The Court having found from the specific facts set forth in the above-mentioned materials and good cause appearing that the following orders should, and hereby do, issue:

## TEMPORARY RESTRAINING ORDER

IT IS ORDERED that Defendants appear before this Court on _____, **2008** at **__:__ _.M** in Courtroom __, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, then and there to show cause, if there be any, why, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order should not issue; and that pending the hearing and determination of Plaintiffs' motion for a preliminary injunction:

(1)     Defendants, any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns and all those persons in concert or participation with any of them, and any entity owned or controlled in whole by any of the Defendants, who receives actual notice of the order by personal service or otherwise, from:

(a)     Using any of Plaintiffs' Marks, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' Marks in or as part of a design or logo or otherwise on or in connection with any goods or on or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any goods;

(b)     Using any of Plaintiffs' Marks, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' Marks in or as part of any logo, business name, trade name, or in any other means of identification;

(c)     Processing, packaging, importing, or transporting any product that is not a genuine product of Plaintiffs bearing any of Plaintiffs' Marks, or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' Marks;

(d)     Using any false designation or origin or false description (including, without limitation, any letters or symbols, such as the CHAMPION "C" logo), or performing any act, which can, or is likely to, lead members of the trade or public to believe that the Defendants are associated with Plaintiffs or that any product imported, manufactured, distributed, or sold by the Defendants is in any manner associated or connected with Plaintiffs, or is authorized, licensed, sponsored, or otherwise approved by Plaintiffs;

(e)     Transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody, or control bearing a design or mark confusingly similar to Plaintiffs' Marks;

(f)     Communicating with any of their suppliers of goods bearing a counterfeit of Plaintiffs' Marks ("Suppliers") or any other people involved in advertising, offering for sale, or selling goods bearing Plaintiffs' Marks in any manner regarding the existence of this litigation or the seizure, or taking any action that would have the effect of revealing to such people that Plaintiffs have initiated this litigation or seized any items pursuant to this Order;

(g)     Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of Plaintiffs' Marks;

(h)     Diluting or tarnishing any of Plaintiffs' Marks; and

(i)     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (h) above, or any other activity that consists or contributes to the sale of counterfeit or infringing products bearing any of Plaintiffs' Marks.

## **BOND**

IT IS FURTHER ORDERED that this temporary restraining order is conditioned on Plaintiffs' posting a bond in the sum of $1,000 with this Court on or before _____, **2008**, at **5:00 P.M.**, for the payment of such costs or damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained.

This the ___ day of _____ 2008.

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
                                             :

HANESBRANDS INC. and HBI BRANDED     :
APPAREL ENTERPRISES, LLC,             :

                                            :   **Civil Action No. 08-cv-0545 (VM)**

                                             :

                        **Plaintiffs,**     :

                                             :

          **- against -**          :

                                           :

METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a :
HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT :
DOT FASHION, INC.; HIP HOP SPORTSWEAR  :
INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL :
FASHION); LONDON BOY SPORTSWEAR, LTD.  :
(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a :
OCTANE); OCTANE NYC INC. (d/b/a OCTANE);  :
FLASH SPORTS, INC.; 104TH ST. FASHION INC.  :
(d/b/a 104 STREET FASHIONS, d/b/a 104       :
FASHIONS); F.T.C. FASHION; various JOHN and :
JANE DOES, and XYZ COMPANIES          :
(UNIDENTIFIED),                            :

                                           :

                        **Defendants.**    :

                                           :
------------------------------------------------------------------------ x

## [PROPOSED] ORDER TO SHOW CAUSE ON MOTION WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

       This matter having come before the Court on the application of Hanesbrands Inc.

("Hanesbrands") and HBI Branded Apparel Enterprises, LLC ("HBI") (collectively "Plaintiffs"),

by their attorneys for an Order to Show Cause Why A Preliminary Injunction Should Not Issue

pursuant to Rule 65(a) of the Federal Rules of Civil Procedure; and

       The Court having considered the facts set forth in the Complaint; the affidavits of

Richard Heller, Manuel Martinez, Allen Ortiz, Ruandy Melo, and Jacob S. Wharton, and their

attached exhibits; and the memoranda of law submitted in support of Plaintiffs' application; and all other evidence submitted; and

The Court having found from the specific facts set forth in the above-mentioned materials and good cause appearing that the following orders should, and hereby do, issue:

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

IT IS ORDERED that Defendants appear before this Court on _____, **2008** at __:__ _.**M** in Courtroom __, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, then and there to show cause, if there be any, why, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs should not be granted a preliminary injunction as follow:

(1)    Enjoining and restraining Defendants, any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns and all those persons in concert or participation with any of them, and any entity owned or controlled in whole by any of the Defendants, who receives actual notice of the order by personal service or otherwise, from:

(a)    Using any of Plaintiffs' Mark, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of Plaintiffs' Marks in or as part of any design or logo or otherwise on or in connection with any goods on or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any goods;

(b)     Using any of Plaintiffs' Marks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any Plaintiffs' Marks in or as part of any logo, business name, trade name, or in any other means of identification;

(c)     Processing, packaging, importing, or transporting any product that is not a genuine product of Plaintiffs bearing any of Plaintiffs' Marks, or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiffs' Marks;

(d)     Using any false designation or origin or false description (including, without limitation, any letter or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that the Defendants are associated with Plaintiffs or that any product imported, manufactured, distributed, or sold by the Defendants is in any manner associated or connected with Plaintiffs, or is authorized, licensed, sponsored, or otherwise approved by Plaintiffs;

(e)     Transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody, or control bearing a design or mark substantially identical to Plaintiffs' Marks;

(f)     Communicating with any of their Suppliers or any other people involved in advertising, offering for sale, or selling goods bearing Plaintiffs' Mark in any manner regarding the existence of this litigation or the seizure, or taking any action that would have the effect of revealing to such people that Plaintiffs have initiated this litigation or seized any items pursuant to this Order;

(g)     Diluting or tarnishing any of Plaintiffs' Marks;

(h)     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (g) above, or any other activity that consists or contributes to the sale of counterfeit or infringing products bearing any of Plaintiffs' Marks.

(2)     Directing that Defendants make all books, records (including electronically stored information) and other documents concerning all transactions relating to the purchase and unauthorized use of products or packaging incorporating a copy or imitation of Plaintiffs' Marks available to Plaintiffs for review, inspection, and copying, and immediately provide Plaintiffs the names, addresses, and all other contact information in their possession (e.g., telephone numbers, fax numbers, email addresses) for (a) the source of such products and packaging, including all manufacturers, importers, distributors, or suppliers, and (b) all persons or entities to or from whom Defendants have received, purchased, sold, distributed, or supplied such products or packaging.

(3)     Directing that Defendants recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendants under or in connection with any copy or imitation of the Plaintiffs' Marks, to deliver such goods up to Plaintiffs' counsel to be impounded during the pendency of this action.

(4)     Order the Defendants to deliver to this Court and to serve on Plaintiffs a list of the names and addresses of all sources of suppliers of the goods imported, sold, or offered for sale by Defendants that bear counterfeits or any authorized reproductions, variations, simulations, or colorable imitations of the Plaintiffs' Marks.

(5)     Ordering the Defendants to deliver to this Court and to serve on Plaintiffs a list of the names and addresses of all persons or organizations involved in any way in the design, construction, manufacturing, importing, advertising, receiving, acquisition, importation, purchase, sale, or offer for sale, or distribution of any merchandise bearing Plaintiffs' Marks.

(6)     Ordering the Defendants to identify all bank accounts used in any manner in connection with:  (1) any of Defendants' counterfeiting operations; (2) the sale of goods bearing copies of Plaintiffs' Marks, including, but not limited to, all bank accounts into which payments made for infringing products have been deposited; (3) the running of Defendants' stores offering for sale and selling goods bearing copies of Plaintiffs' Marks; and (4) the paying of employees for taking part in the sale of Defendants' counterfeit products bearing Plaintiffs' Marks.

(7)     Ordering the Defendants to identify all merchant credit card accounts in any manner in connection with the sale of goods bearing imitations of Plaintiffs' Marks by Defendants.

(8)     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that Defendants or Defendants' businesses are associated or connected with Plaintiffs or that any goods or services provided, prohibited, or sold by Defendants are authorized by Plaintiffs or are related in any way to Plaintiffs or its goods and services.

## **BOND**

IT IS FURTHER ORDERED that this preliminary injunction order is conditioned on Plaintiffs' posting a bond in the sum of $1,000 with this Court on or before _____, **2008**, at

**5:00 P.M.**, for the payment of such costs or damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained.

## HEARING

IT IS FURTHER ORDERED that papers opposing Plaintiffs' Motion for Order to Show Cause Why A Preliminary Injunction Should Not Issue, if any, shall be served by hand delivery on Plaintiffs' counsel on or before **12:00 P.M.**, on the ___ **day of** _____ **2008**, and reply papers thereto, if any, shall be served by hand delivery on Defendants or their counsel on or before **12:00 P.M.** on the __ **day of** _____ **2008**; and

Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in a preliminary injunction being entered against those Defendants that do not appear. Defendants are hereby further notified that Defendants shall be deemed to have actual notice of the terms and issuance of such a preliminary injunction, and that any act by Defendants in violation of any of its terms may be considered and prosecuted as contempt of the Court.

This the ___ day of _____ 2008.

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------- x
                                                  :
HANESBRANDS INC. and HBI BRANDED                  :
APPAREL ENTERPRISES, LLC,                         :
                                                  :
                                                  :  Civil Action No. 08-cv-0545 (VM)
                          Plaintiffs,             :
                                                  :
           - against -                            :
                                                  :
METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a         :
HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT           :
DOT FASHION, INC.; HIP HOP SPORTSWEAR             :
INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL        :
FASHION); LONDON BOY SPORTSWEAR, LTD.             :
(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a     :
OCTANE); OCTANE NYC INC. (d/b/a OCTANE);          :
FLASH SPORTS, INC.; 104TH ST. FASHION INC.        :
(d/b/a 104 STREET FASHIONS, d/b/a 104             :
FASHIONS); F.T.C. FASHION; various JOHN and       :
JANE DOES, and XYZ COMPANIES                      :
(UNIDENTIFIED),                                   :
                                                  :
                          Defendants.             :
                                                  :
------------------------------------------------------------------- x
```

## [PROPOSED] SEIZURE ORDER

This matter having come before the Court on the application of Hanesbrands Inc. ("Hanesbrands") and HBI Branded Apparel Enterprises, LLC ("HBI") (collectively "Plaintiffs"), by their attorneys for an Seizure Order pursuant to 15 U.S.C. § 1116(d), and Rules 65(b) of the Federal Rules of Civil Procedure; and

The Court having considered the facts set forth in the Complaint; the affidavits of Richard Heller, Manuel Martinez, Allen Ortiz, Ruandy Melo, and Jacob S. Wharton, and their

attached exhibits; and the memorandum of law submitted in support of Plaintiffs' application; and all other evidence submitted; and

The Court having found from the specific facts set forth in the above-mentioned materials and good cause appearing that the following orders should, and hereby do, issue the following:

## SEIZURE ORDER

(1)    HBI is the owner of the CHAMPION and "C" logo trademarks and owns various federal registrations for variations on the CHAMPION and "C" logo trademarks;

(2)    HBI is the owner of the SUPER HOOD trademark and owns a federal supplemental registration on the SUPER HOOD trademark;

(3)    The CHAMPION, "C" logo, and SUPER HOOD trademarks (collectively "Plaintiffs' Marks") are used by Plaintiffs on sweatshirts.

(4)    An order other than this seizure order would not be adequate to achieve the purposes of Section 32 of the Lanham Act, 15 U.S.C. § 1114, in that:

(a)    only by granting the seizure order will critical evidence, including samples of counterfeit goods, inventory records, invoices, and receipts for allegedly infringing product, and other evidence identifying manufacturers, importers, suppliers, wholesalers, distributors, and customers involving with allegedly infringing products be preserved;

(b)    only by granting the seizure order will evidence not be lost, destroyed, altered, hidden, or dissipated; and

(c)    only by obtaining access to Defendants' premises can Plaintiffs obtain reliable evidence of Defendants' conduct and prevent further damage.

(5)    Plaintiffs have not publicized the requested seizure;

(6)     Plaintiffs are likely to succeed on their claim that Defendants are using counterfeits of Plaintiffs' Marks in connection with the promotion, sale, offering for sale, and distribution of sweatshirts, the very goods identified in HBI's federal trademark registration certificates, without Plaintiffs' authorization or consent, based on Plaintiffs' showing that they have obtained from Defendants samples of the products in question;

(7)     immediate and irreparable injury will result to Plaintiffs if this seizure is not ordered in that:

(a)     Defendants are likely to continue to promote, sell, and distribute counterfeit goods bearing Plaintiffs' Marks, to the detriment of Plaintiffs' goodwill and business reputation; and

(b)     the evidence permits the inference that Defendants are placing counterfeit products into the stream of commerce that are likely to mislead and defraud the consuming public, thereby depriving Plaintiffs of proof of liability and damages.

(8)     the goods and records to be seized will be located at (the reported name appearing on the front of the store in parentheses):

(a)     3542 Broadway, Manhattan, New York 10031 (Hot Dot);

(b)     3663 Broadway, Manhattan, New York 10031 (F.T.C. Fashion);

(c)     565 West 145th Street, Manhattan, New York 10031 (No signage);

(d)     2946 Third Avenue, Bronx, New York 10455 ("Sportswear");

(e)     2936 Third Avenue, Bronx, New York 10455 (Michael Fashion);

(f)     2908 Third Avenue, Bronx, New York 10455 (London Boy);

(g)     560 Melrose Avenue, Bronx, New York 10455 (Octane);

(h)     16 West 125th Street, Manhattan, New York 10027 (Flash Sports);

        (i)      1887 Third Avenue, Manhattan, New York 10029 (104 Street Fashions).

(9)    the harm to Plaintiffs if the seizure is denied outweighs any harm that would be caused to legitimate interests of Defendants by issuance of this order in that:

        (a)    the harm to Plaintiffs of losing evidence of the counterfeiting scheme will be great and irreparable because the evidence will be lost (including the evidence of the magnitude of damages) and Defendants and others responsible for the counterfeit products will have an opportunity to find new ways to conceal the infringing products; and

        (b)    while Defendants will experience some business disruption as a result of the seizure, this disruption will be minimized by the prompt return of any genuine products bearing Plaintiffs' Marks and of any documents or found to be unrelated to the distribution of counterfeit products;

(10)    notice of the request for an seizure has been served upon the United States Attorney for the Southern District of New York, as required by 15 U.S.C. § 1116(d)(2);

(11)    in view of the wrongful nature of the conduct in which Defendants are engaged, Defendants would be likely to destroy, move, hide, or otherwise make the goods and records to be seized inaccessible by this Court if they were not seized.

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs, on whose behalf the Court issues this Order, are authorized under the supervision and with the assistance of the U.S. Marshal to take all necessary steps to seize and remove the following property:

        (a)    all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other items bearing any unauthorized copy or counterfeit

of the Plaintiffs' Marks, or any simulation, reproduction, or colorable imitation thereof; and

(b)    all records documenting or referring in any way to the manufacture, purchase, sale, distribution, receipt, or retention of merchandise bearing any counterfeit or copy of Plaintiffs' Marks, which are in the possession or under the control of Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert and participation with any of them who receive actual notice of this order by personal service or otherwise;

which are located at:

(a)    3542 Broadway, Manhattan, New York 10031;

(b)    3663 Broadway, Manhattan, New York 10031;

(c)    565 West 145th Street, Manhattan, New York 10031;

(j)    2946 Third Avenue, Bronx, New York 10455;

(k)    2936 Third Avenue, Bronx, New York 10455;

(l)    2908 Third Avenue, Bronx, New York 10455;

(m)    560 Melrose Avenue, Bronx, New York 10455;

(n)    16 West 125th Street, Manhattan, New York 10027;

(o)    1887 Third Avenue, Manhattan, New York 10029;

and searching said property and placing it with an appropriate storage facility; and it is further

ORDERED that anyone interfering with the execution of this Order is subject to arrest by the United States Marshal and/or his or her representative; and it is further

ORDRED that Plaintiffs, on whose behalf the Court issues this Order, will account completely for all property seized pursuant to this Order and shall compile a written inventory of

all such property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court; and it is further

ORDERED that Plaintiffs, on whose behalf the Court issues this Order, will act as substitute custodian of any and all property seized pursuant to this order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any Court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendants' property, including any third-party claims.

The seizure order shall be effected no later than _____, 200_.

IT IS FURTHER ORDERED that Plaintiffs' designated agent may take photographs or make video recordings during said seizure for the purpose of authenticating and assisting in obtaining evidence.

IT IS FURTHER ORDERED that any records seized, including electronically stored information, shall be subject to a protective order whereby access thereto shall be initially restricted to the parties (the Defendants' access restricted to their respected documents), their counsel (Defendants' counsel access restricted to records of their respective clients), the United States Marshal or his or her representative, attorneys associated with the United States Attorney's Office for this and any other district, and other government employees at the direction of the United States Attorney's Office for this District, who shall be permitted to inspect and copy such records.

IT IS FURTHER ORDERED that Defendants or their agents, employees, or representatives are hereby required to give the correct name, address, and telephone number where they can be reached to the United States Marshal for this district, their deputy, or other law enforcement officer and that failure to give such correct name, address, and telephone

number may result in contempt of this Court. Such aforementioned information shall specifically identify Defendants in connection with this order of seizure and shall not be publicly divulged by Plaintiffs or its agents or attorneys to any other person not having reasonable need for such information, pending the date of the hearing set in this Order.

## HEARING TO CONFIRM SEIZURE

IT IS FURTHER ORDERED that Defendants show cause before this Court on _____, **2008** at __:__ _.**M**. in **Courtroom** __, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, or as soon thereafter as counsel can be heard, why an order should not be entered, pursuant to 15 U.S.C. § 1116(d)(10)(A) confirming the seizure authorized herein.

## SECURITY

IT IS FURTHER ORDERED that this seizure order is conditioned on Plaintiffs' posting a bond in the sum of $1,000 with this Court on or before _____, **2008**, at **5:00 P.M.**, for the payment of such costs or damages as may be incurred or suffered by any party whose goods are wrongfully seized.

This the ___ day of _____ 2008.

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE