UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
: 
HANESBRANDS INC. and HBI BRANDED :
APPAREL ENTERPRISES, LLC, :
: **Civil Action No. 08-cv-0545 (VM)**
:
**Plaintiffs,** :
:
- against - :
:
METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a :
HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT :
DOT FASHION, INC.; HIP HOP SPORTSWEAR :
INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL :
FASHION); LONDON BOY SPORTSWEAR, LTD. :
(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a :
OCTANE); OCTANE NYC INC. (d/b/a OCTANE); :
FLASH SPORTS, INC.; 104TH ST. FASHION INC. :
(d/b/a 104 STREET FASHIONS, d/b/a 104 :
FASHIONS); F.T.C. FASHION; various JOHN and :
JANE DOES, and XYZ COMPANIES :
(UNIDENTIFIED), :
:
**Defendants.** :
:
------------------------------------------------------------------------ x

## PLAINTIFFS' NOTICE OF MOTION AND MOTION
## FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE

Plaintiffs Hanesbrands Inc. ("Hanesbrands") and HBI Branded Apparel Enterprises, LLC ("HBI") (collectively "Plaintiffs") hereby move this Court for an order: (1) shortening the response time to five (5) business days for Defendants to answer and provide copies of documents responsive to Plaintiffs' First Request for the Production of Documents and Things (Expedited) pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; and (2) requiring Defendants to preserve all evidence related to their counterfeiting activities during the

pendency of this action.  In support of this motion, Plaintiffs submit herewith a memorandum in support, proposed orders (for both expedited discovery and preservation of evidence), and state:

1. Good cause exists for expedited discovery.

2. Expedited discovery is reasonable under the circumstances.

3. Plaintiffs will likely suffer irreparable injury without expedited discovery.

4. Plaintiffs have demonstrated likelihood of success on the merits of Plaintiffs' Motion for a Temporary Restraining Order, Seizure Order, and Order Why A Preliminary Injunction Should Not Issue ("Pls.' Combined Mot.").

5. Expedited discovery will avoid or lessen Plaintiffs' continuing irreparable injury.

6. Plaintiffs' continued irreparable injury outweighs any burden resulting from the requested expedited discovery.

7. At this time, Plaintiffs requests the Court shorten the time period to respond to the requests for the production of documents and things (attached to Plaintiffs' Memorandum in Support of this motion as Exhibit A) to five (5) business days from service.  Plaintiffs request are focused on the counterfeit activities set forth in Pls.' Combined Mot. and are limited to 15 in number.

8. The shortened response period will allow Plaintiffs the greatest opportunity to obtain documents regarding the source of counterfeit goods.

9. Without the shortened response period, it is likely that records regarding counterfeit activities will be destroyed or transferred.

10. Plaintiffs request that Defendants bear the cost of copying due to the nature of the activities complained of herein, namely blatant counterfeiting.

11. An order requiring Defendants to preserve records related to their counterfeiting activities is necessary as counterfeiters routinely destroy or transfer counterfeit goods and related records.

12. An order requiring Defendants to maintain counterfeit goods and related records is not unduly burdensome on Defendants and provides Plaintiffs the best opportunity for relief.

For all the foregoing reasons, Plaintiffs respectfully request that their motion for expedited discovery and preservation be granted in all respects together with such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       February 5, 2008

MORGAN & FINNEGAN LLP

By:  /s/ Colin Foley  
Gerald A. Haddad  
Joseph Colin Foley  
Danielle Tully  
Three World Financial Center  
New York, New York  10281-2101  
Telephone: (212) 415-8700

*Of Counsel:*

WOMBLE CARLYLE SANDRIDGE &  
RICE, PLLC  
Michael E. Ray, *pro hac vice application pending*  
Jacob S. Wharton, *pro hac vice application pending*  
One West Fourth Street  
Winston Salem, North Carolina  27101  
Telephone:  (336) 721-3600

*Attorneys for Plaintiffs Hanesbrands Inc. and  
HBI Branded Apparel Enterprises, Ltd.*

3

**EXHIBIT A TO MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
----                                                               :
                                                                   :
                                                                   :
HANESBRANDS INC. and HBI BRANDED                                   :
APPAREL ENTERPRISES, LLC,                                          :
                                                                   :
                                                                   :
                                                                   : Civil Action No. 08-cv-0545 (VM)
                        Plaintiffs,                                :
                                                                   :
                                                                   :
        - against -                                                :
                                                                   :
METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a                          :
HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT                            :
DOT FASHION, INC.; HIP HOP SPORTSWEAR                              :
INC.; MICHAEL FASHIONS INC. (d/b/a                                 :
MICHAEL FASHION); LONDON BOY                                       :
SPORTSWEAR, LTD. (d/b/a LONDON BOY);                               :
TRANDZ N.Y., CORP. (d/b/a OCTANE);                                 :
OCTANE NYC INC. (d/b/a OCTANE); FLASH                              :
SPORTS, INC.; 104TH ST. FASHION INC. (d/b/a                        :
104 STREET FASHIONS, d/b/a 104 FASHIONS);                          :
F.T.C. FASHION; various JOHN and JANE DOES,                        :
and XYZ COMPANIES (UNIDENTIFIED),                                  :
                                                                   :
                                                                   :
                        Defendants.                                :
------------------------------------------------------------------ x
```

**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF
DOCUMENTS AND THINGS (EXPEDITED)**

Plaintiffs Hanesbrands Inc. and HBI Branded Apparel Enterprises, LLC (collectively "Plaintiffs"), through counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that Defendants produce a copy of each document upon the undersigned at the named office of Morgan & Finnegan LLP within five (5) days of service of these Request or at such other time as the Court may order.

# INSTRUCTIONS

1. Produce all responsive documents and things in your actual or constructive possession, custody, or control.

2. Produce all documents and things requested in the same file or manner in which they are kept in the usual course of business.

3. In the event that multiple copies of a document exist, produce every copy on which appear any notations or marking of any sort not appearing on any other copy.

4. If you are aware of any documents that would be responsive to a Request below, but that are no longer in your possession, custody or control, or otherwise not available or accessible to the full extent requested, you should state whether they were lost, destroyed or otherwise disposed of and describe the circumstances of such disposition.

5. The word "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

6. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

7. The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

8. If the production of any document or thing is withheld under a claim of privilege, please furnish a list signed by the person supervising your response identifying each document for which the privilege is claimed, together with the following information with respect to each such document:

   a. The identity of the person who signed or authored the document;
   b. The identity of all persons to whom the document was directed or received;

  c. The nature and substance of the document with sufficient particularity to enable the court and the parties to identify the document and assess the claim of privilege;

  d. The date of the document;

  e. The identity of each person who has custody or control over the document;

  f. The identity of each person to whom copies of the document were furnished together with his or her job title at the time each document was obtained;

  g. The number of pages in the document;

  h. Whether any non-privileged material is included in the document;

  i. A description of any attachments to the document and an indication of whether such attachments are also privileged; and

  j. The basis on which any privilege is claimed.

9. These Requests are continuing. If you obtain or become aware of further information that is responsive to these Requests, amend or supplement your responses to the extent required by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

For purposes of these Requests for Production of Documents and Things, the following terms shall have the meaning set forth below.

1. As used herein, the term "you" or "your" refers to not only the named defendants, but all agents, officers, employees, representatives, and attorneys thereof, and any predecessors; successors; subsidiaries; controlled, controlling, and affiliated companies; and their agents, officers, employees, representatives, and attorneys, to the fullest extent the context permits.

2. "Plaintiffs" shall individually and collectively mean Hanesbrands Inc. and HBI Branded Enterprises, LLC.

3. As used herein, the term "document" includes, without limitation, the original(s), or one identical and legible copy thereof, and all non-identical copies of any written, recorded,

transcribed, punched, filmed, taped, or graphic matter of any type, however and by whomever prepared or produced or reproduced, of every kind and description, regardless of denomination by you, in your actual or constructive possession, custody, care or control including, but not limited to electronically stored information, communications, correspondence, facsimiles, voice mail, e-mail, contracts, agreements, papers, including working papers, books, pamphlets, periodicals, accounts, letters, photographs, objects, microfilm, filings, telegrams, notes, magnetic tape, sound recordings, or other memorials, records, or summaries of any type of personal or telephone conversations, or of meetings, conferences and minutes or records of meetings and conferences (including directors or committee meetings), memoranda, interoffice communications, diaries or calendar entries, records, reports, studies, surveys, written forecasts, analyses, estimates, proposals, promotional materials, catalogs, prospectuses, press releases, speeches, notices, brochures, pamphlets, trade letters, maps, blueprints, licenses, agreements, ledgers, books of account, journal entries, purchase orders, invoices, vouchers, bank checks, budget receipts, canceled checks, stubs, data processing machine or computer cards or tapes, printouts, spreadsheets, tapes or disks, cashier's checks, receipts for cashier's checks, charge slips, account reports, receipts, freight bills, drafts, charts, graphs, indexes, statistical and financial records, cost sheets, bids, abstracts of bids, price sheets, job or transaction files, data sheets, computer printouts, videotapes, motion pictures, plans, drawings, specifications, and things similar to any of the foregoing, whether stored in tangible, electronic, mechanical, electric form or representation of any kind including, without limitation: (i) materials on or in computer tapes, disks, and memory; and (ii) backup copies and "deleted" files on a computer storage device or other media, whether located on site or off site. Each of the following requests should be read to include identification and production of all responsive documents that are now or were

previously within your possession, custody or control. The term "document" also includes any and all copies of any document that contains any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of the above and any and all handwritten notes or notations in whatever form together with any attachments to any such documents. All electronically stored information should be produced in native format and should include all metadata.

    4.    "Person" means any natural person, corporation, association, firm, partnership, or other business or legal entity.

    5.    To "produce" means to provide a copy.

    6.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

    7.    "Referring or relating to" means in whole or in part relating to, referring to, constituting, containing, concerning, embodying, discussing, reflecting, dealing with, analyzing, pertaining to, or in any way relevant to within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

    8.    As used herein, "identify," or to give the "identity of" means:

    a. In the case of a person, to state

      i. The full name;

      ii. Present residential address and telephone number;

      iii. Present business address and telephone number;

      iv. Present position, business affiliation, and job description; and

      v. If any of the information set forth in (i)-(iv) is unknown, so state and set forth the correspondence last known such information;

    b. In the case of a corporation, to state

    i. The full name;

    ii. Place and date of incorporation or foundation;

    iii. Address and principal place of business; and

    iv. Identify the officers or other persons having knowledge of the matter with respect to which such corporation is named;

  c. In the case of any person other than a natural person or corporation, to state

    i. The full name;

    ii. Address and principal place of business;

    iii. Identify the officers or other persons having knowledge of the matter with respect to which such person is named;

  d. In the case of a document, to state

    i. The identity of the persons originating and preparing it, and the sender;

    ii. The general type (e.g., letter, memorandum, report, invoice, etc.), title, identifying number and the general nature of its subject matter;

    iii. The identity of the addressees and distributes, if any;

    iv. Its date of preparation;

    v. Its dates and manner of transmission, distribution, and publication, if any;

    vi. The location of each copy (including title, index number, and location of the file in which it is kept or from which it was removed) and the identity of the present custodian or persons responsible for its filing or other disposition;

    vii. The identity of persons who can authenticate or identify it;

    viii. In the case of a product, to state the catalog, stock model, or like number of designation, the trademark, name, type, grade, and other designation customarily used by Casual Living and the trade to designate such product or component thereof and to distinguish it from others made by the same or a different producer.

9. The term "the Complaint" shall mean the Complaint filed by Plaintiffs in this action.

10. "CHAMPION Marks" shall individually and collectively mean the CHAMPION and "C" logo trademarks used by Plaintiffs, including, without limitation, the trademarks set forth in U.S. Trademark Registration Nos. 1,127,251; 1,323,337; 1,915,092; and 2,319,994.

11. "SUPER HOOD Mark" shall mean the SUPER HOOD mark used by Plaintiffs, including, without limitation, the trademark set forth in U.S. Trademark Registration No. 3,140,617.

12. "Counterfeit Products" shall mean the goods manufactured, imported, exported, distributed, shipped, advertised, offered for sale, or sold by Defendants that bear Plaintiffs' CHAMPION or SUPER HOOD Marks but are not authentic goods made, sold, or authorized by Plaintiffs. Plaintiffs set forth the differences between Counterfeit Products and authentic goods in their Memorandum in Support of Plaintiffs' Motion for Temporary Restraining Order, Seizure Order, and Order to Show Cause Why A Preliminary Injunction Should Not Issue.

13. Authentic Products shall mean authentic SUPER HOOD® sweatshirts.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1. Documents that identify when you manufactured, imported, exports, distributed, shipped, purchased, received, advertised, offered for, or sold Counterfeit Products.

2. Documents that identify when you manufactured, imported, exports, distributed, shipped, purchased, received, advertised, offered for, or sold Authentic Products (if any).

3. Documents that identify from whom you received or purchased Counterfeit Products or that otherwise identify the source of the Counterfeit Products, including, without limitation, the manufacturer(s), importer(s), distributor(s), or wholesaler(s) of the Counterfeit Products.

4. Documents that identify from whom you received or purchased Authentic Products (if any).

5. Documents that establish the price(s) you paid for Counterfeit Products.

6. Documents that establish the prices(s) you paid for Authentic Products (if any).

7. Documents that establish the number of Counterfeit Products you have sold or, in the event that the number of Counterfeit Products and Authentic Products you sold were combined, all documents that establish the number of Counterfeit Products and Authentic Products as combined.

8. Documents that establish the revenue or gross income received from the sale of Counterfeit Products or, in the event that revenue or gross income from the sale of Counterfeit Products and Authentic Products were combined, all documents that establish the revenue or gross income received from the sale of Counterfeit Products and Authentic Products as combined.

9. Documents that establish the net income received from the sale of Counterfeit Products or, in the event that net income from the sale of Counterfeit Products and Authentic Products were combined, all documents that establish the net income received from the sale of Counterfeit Products and Authentic Products as combined.

10. Documents concerning your marketing or advertising of SUPER HOOD® sweatshirts.

11. Documents concerning customer confusion with respect to Authentic Products and Counterfeit Products, including, without limitation, customers recognizing a difference between Authentic Products and Counterfeit Products and any efforts by customers to return a Counterfeit Product.

12. All financial statements or annual reports for you from the date you first sold Counterfeit or Authentic Products.

13. All correspondence, whether internal or external to you or your business entity(ies), discussing the subject of SUPER HOOD® sweatshirts, whether Counterfeit or Authentic Products, including, without limitation, e-mail or other electronically stored information.

14. Documents identifying the organization of your business, including, without limitation, officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, subsidiaries, predecessors, successors, and assigns.

15. Documents identifying any person or business entity selling Counterfeit Products not already named as a defendant to this proceeding.

Dated: New York, New York  
February __, 2008

MORGAN & FINNEGAN LLP

By: _____  
Gerald A. Haddad  
Joseph Colin Foley  
Danielle Tully  
Three World Financial Center  
New York, New York  10281-2101  
Telephone: (212) 415-8700

*Of Counsel:*

WOMBLE CARLYLE SANDRIDGE &  
RICE, PLLC  
Michael E. Ray, *pro hac vice application pending*  
Jacob S. Wharton, *pro hac vice application pending*  
One West Fourth Street  
Winston Salem, North Carolina  27101  
Telephone:  (336) 721-3600

*Attorneys for Plaintiffs Hanesbrands Inc. and HBI Branded Apparel Enterprises, Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
:
**HANESBRANDS INC. and HBI BRANDED** :
**APPAREL ENTERPRISES, LLC,** :
: **Civil Action No. 08-cv-0545 (VM)**
:
**Plaintiffs,** :
:
- against - :
:
**METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a** :
**HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT** :
**DOT FASHION, INC.; HIP HOP SPORTSWEAR** :
**INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL** :
**FASHION); LONDON BOY SPORTSWEAR, LTD.** :
**(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a** :
**OCTANE); OCTANE NYC INC. (d/b/a OCTANE);** :
**FLASH SPORTS, INC.; 104TH ST. FASHION INC.** :
**(d/b/a 104 STREET FASHIONS, d/b/a 104** :
**FASHIONS); F.T.C. FASHION; various JOHN and** :
**JANE DOES, and XYZ COMPANIES** :
**(UNIDENTIFIED),** :
:
**Defendants.** :
:
------------------------------------------------------------------- x

## [PROPOSED] ORDER FOR EXPEDITED DISCOVERY

This matter having come before the Court on the application of Hanesbrands Inc. ("Hanesbrands") and HBI Branded Apparel Enterprises, LLC ("HBI") (collectively "Plaintiffs"), by their attorneys for an Order for Expedited Discovery; and

The Court having considered the facts set forth in the Complaint; the affidavits of Richard Heller, Manuel Martinez, Allen Ortiz, Ruandy Melo, and Jacob S. Wharton, and their

attached exhibits; and the memorandum of law submitted in support of Plaintiffs' application; and all other evidence submitted; and

The Court having found from the specific facts set forth in the above-mentioned materials and good cause appearing that the following orders should, and hereby do, issue:

**EXPEDITED DISCOVERY**

IT IS ORDRED that pursuant to 15 U.S.C. § 1116(d)(10)(B) and Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs be given expedited discovery of Defendants with respect to the manufacture, receipt, and sale of all goods bearing counterfeits or copies of Plaintiffs' Marks, including discovery of the suppliers thereof and the customers therefore, the creation of such marks, the quantity of goods bearing such marks manufactured, in inventory, and sold by Defendants, and other matters relevant to this action. Until further order from this Court, expedited discovery is limited to the following: Defendants shall answer and provide copies of records (including electronically stored information) five business days after service of Plaintiffs' Request for Production of Documents, filed as Exhibit A to the Memorandum in Support of Plaintiffs' Motion for Expedited Discovery. Defendants shall bear the costs of copying.

This the ___ day of _____ 2008.

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
                                                                         :
**HANESBRANDS INC. and HBI BRANDED**                                     :
**APPAREL ENTERPRISES, LLC,**                                            :  Civil Action No. 08-cv-0545 (VM)
                                                                         :
                                                                         :
                              **Plaintiffs,**                            :
                                                                         :
           - against -                                                   :
                                                                         :
**METRO SPORTS (d/b/a PLAYERS SPORTS, d/b/a**                            :
**HOT DOT, d/b/a HIP HOP SPORTSWEAR); HOT**                              :
**DOT FASHION, INC.; HIP HOP SPORTSWEAR**                                :
**INC.; MICHAEL FASHIONS INC. (d/b/a MICHAEL**                           :
**FASHION); LONDON BOY SPORTSWEAR, LTD.**                                :
**(d/b/a LONDON BOY); TRANDZ N.Y., CORP. (d/b/a**                        :
**OCTANE); OCTANE NYC INC. (d/b/a OCTANE);**                             :
**FLASH SPORTS, INC.; 104TH ST. FASHION INC.**                           :
**(d/b/a 104 STREET FASHIONS, d/b/a 104**                                :
**FASHIONS); F.T.C. FASHION; various JOHN and**                          :
**JANE DOES, and XYZ COMPANIES**                                         :
**(UNIDENTIFIED),**                                                      :
                                                                         :
                              **Defendants.**                            :
                                                                         :
------------------------------------------------------------------------ x

## [PROPOSED] PRESERVATION ORDER

This matter having come before the Court on the application of Hanesbrands Inc. ("Hanesbrands") and HBI Branded Apparel Enterprises, LLC ("HBI") (collectively "Plaintiffs"), by their attorneys for an Order for Preservation; and

The Court having considered the facts set forth in the Complaint; the affidavits of Richard Heller, Manuel Martinez, Allen Ortiz, Ruandy Melo, and Jacob S. Wharton, and their

attached exhibits; and the memorandum of law submitted in support of Plaintiffs' applications; and all other evidence submitted; and

The Court having found from the specific facts set forth in the above-mentioned materials and good cause appearing that the following orders should, and hereby do, issue:

**PRESERVATION ORDER**

IT IS ORDERED that pending the final resolution of this action:

(1) That Defendants, any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns and all those persons in concert or participation with any of them, and any entity owned or controlled in whole by any of the Defendants, who receives actual notice of the order by personal service or otherwise, from:

(a) Transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody, or control bearing a design or mark confusingly similar to Plaintiffs' CHAMPION and SUPER HOOD Marks ("Plaintiffs' Marks");

(b) Disposing, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including electronically stored information) of any kind, including invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale, or offer for sale, or distribution of any merchandise bearing Plaintiffs' Marks or colorable imitations thereof;

   (c)  Communicating with any of their suppliers of goods bearing a counterfeit of Plaintiffs' Marks ("Suppliers") or any other people involved in advertising, offering for sale, or selling goods bearing Plaintiffs' Marks in any manner regarding the existence of this litigation, or taking any action that would have the effect of revealing to such people that Plaintiffs have initiated this litigation or seized any items pursuant to this litigation.

This the ___ day of _____ 2008.

                  _____
                   VICTOR MARRERO
                UNITED STATES DISTRICT JUDGE